1  MICHAEL JAY BERGER (State Bar # 100291)
   LAW OFFICES OF MICHAEL JAY BERGER
2  9454 Wilshire Boulevard, 6th Floor
   Beverly Hills, California 90212
3  T: 1.310.271.6223 | F: 1.310.271.9805
   E: michael.berger@bankruptcypower.com
4
5  Attorney for Debtor and Plaintiff,
   Nuance Energy Group, Inc.
6
7            UNITED STATES BANKRUPTCY COURT
8            CENTRAL DISTRICT OF CALIFORNIA
9               LOS ANGELES DIVISION
10
   In re                                    Case No.: 2:20-bk-17761-VZ
11
                                            Adv. No.:
12 NUANCE ENERGY GROUP, INC.,
                                            Chapter 11
13        Debtor and Debtor-In-Possession.
14 ─────────────────────────────────        **NOTICE OF REMOVAL OF CIVIL
                                            ACTION TO UNITED STATES
15                                          BANKRUPTCY COURT**
16 NUANCE ENERGY GROUP, INC., a
   California Corporation,
17
          Plaintiff,
18
          v.
19
   KODIAK MOON CORPORATION, a
20 California corporation; EDMUND
   KERRY DAVIS, an individual; FOSHAY
21 ELECTRIC CO, INC., a California
   corporation; TERRA STEWARD, LLC, a
22 California corporation; and DOES 1-25,
   inclusive,
23
          Defendants.
24
25
26
27     **TO THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND**

28 **ALL PARTIES IN INTEREST: PLEASE TAKE NOTICE THAT** pursuant to Rule 9027

                                    1
   NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES BANKRUPTCY COURT

of the Federal Rules of Bankruptcy Procedure and 28 U.S.C. § 1452, Plaintiff Nuance

Energy Group, Inc. ("Plaintiff"), hereby removes to the United States Bankruptcy Court for

the Central District of California, Los Angeles Division, all three (3) claims for relief set

forth in that certain state court action styled *Nuance Energy Group, Inc. v. Kodiak Moon,*

*Inc., et al.*, case number MSC18-02107, presently pending in the Superior Court of

California, County of Contra Costa, Martinez Courthouse (the "State Court Action") located

at 725 Court Street, Martinez, California 94553.

Counsel who have appeared in the State Court Action are: (a) Michael L. Branch, Esq.

of Schneider & Branch 655 West Broadway, Suite 1400 San Diego, California 92101

(attorney for Defendant Foshay Electric Co, Inc.); (b) Charles Pernick, Esq. and Mike C.

Flesuras, Esq. of the Opus Law Firm, 622 Encinitas, Suite 248 Encinitas, California 92024

(attorneys for Kodiak Moon Corp., Edmund Kerry Davis, and Terra Steward, LLC).

**PLEASE TAKE FURTHR NOTICE THAT removal of the State Court Action is**
**based on the following pertinent facts:**

1. On October 18, 2018, Plaintiff filed the State Court Action against

Defendants Kodiak Moon Corp., Edmund Kerry Davis, Foshay Electric Co, Inc., and Terra

Steward, LLC (collectively, "Defendants") alleging (1) Breach of Contract; (2) Fraud; and

(3) Conversion.

2. On May 31, 2019, Plaintiff filed a Motion to Strike Defendant Kodiak Moon,

Corp.'s (hereinafter referred to as "Kodiak") Answer and Enter Kodiak's Default (the

"Motion to Strike"). That same day, Plaintiff also filed a Motion Deeming Truth of the

Matters and Genuineness of Documents Specified in Requests for Admissions, Set One,

Admitted Against Defendant Kodiak (the "Motion to Deem RFAs").

3. On July 17, 2019, the Court heard Plaintiff's Motion to Strike and Motion to

Deem RFAs. At the conclusion of the hearing, the Court granted Plaintiff's unopposed

Motion to Strike Kodiak's Answer and enter the default of Defendant Kodiak. The Motion

to Deem RFAs admitted was ruled moot in light of the Court granted Plaintiff's Motion to Strike.

4.    On July 29, 2019, Plaintiff filed its Second Amended Complaint (the "SAC").

5.    On August 28, 2019, Defendants Edmund Kerry Davis, and Terra Steward, LLC filed their Answer to Plaintiff's SAC.

6.    On October 2, 2019, the Court held a hearing on Defendant Foshay Electric Corp., Inc.'s (hereinafter referred to as "Foshay") Demurrer to Plaintiff's SAC.  At the conclusion of the hearing, the Court overruled Foshay's Demurrer to Plaintiff's SAC.

7.    On November 1, 2019, Defendant Foshay filed its Answer to Plaintiff's SAC. That same day, Defendant Foshay also filed a Cross-Complaint against Defendants Edmund Kerry Davis and Kodiak for Unfair Business Practices, Misappropriation of Trade Name, Indemnity, and Declaratory Relief ("Foshay's Cross-Complaint").

8.    On December 9, 2019, Defendant Edmund Kerry Davis filed a Demurrer to Foshay's Cross-Complaint

9.    On December 16, 2019, the Court entered Default on Foshay's Cross-Complaint as to Defendant Kodiak.

10. On January 28, 2020, Defendant and Cross-Complainant Foshay filed its First Amended Cross-Complaint.

11. On June 16, 2020, the Court entered Default on Foshay's First Amended Cross-Complaint as to Defendant Kodiak.

12. On August 25, 2020, ("Petition Date"), Debtor filed a voluntary Chapter 11 petition under Title 11 of the United States Bankruptcy Code, commencing *Nuance Energy Group, Inc.* case number 2:20-bk-17761-VZ (the "Bankruptcy Case").

13. The State Court Action essentially seeks damages from Defendants stemming from Plaintiff's (Debtor's) attempted purchase of Sunpower Modules (SPR-E19-320W). Plaintiff paid a total of $431,094.40 for all these units have received nothing in return, not even a return of its money.  Plaintiff contends that all Defendants were acting jointly in

defrauding Plaintiff with Defendant Edmund Kerry Davis purporting to act as the representative for all entity Defendants. Attached hereto as **Exhibit "1"** is a true and correct copy of Plaintiff's Second Amended Complaint in the State Court Action.

14. Plaintiff consents to the jurisdiction and adjudication of this dispute and to entry of final orders or judgment by the Bankruptcy Court.

15. The Bankruptcy Court has "related to" jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b).

16. The State Court Action is a civil action other than (i) a proceeding before the Tax Court or (ii) a civil action by a governmental unit brought pursuant to its regulatory or police powers.

17. The State Court Action is non-core, however, it is a proceeding related to a case pending under Title 11, because the subject matter of the State Court Action involves property of estate and because the Debtor is a party to the State Court Action.

18. Attached hereto as **Exhibit "2"** is a copy of the Notice of Status Conference re Removal Action.

DATED: 11/18/2020

LAW OFFICES OF MICHAEL JAY BERGER

By: _____
Michael Jay Berger
Attorney for Debtor and Plaintiff,
Nuance Energy Group, Inc.

NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES BANKRUPTCY COURT

# EXHIBIT 1



1   AILEEN RODRIGUEZ MAZANETZ (CSB#219949)
    Gagen, McCoy, McMahon, Koss, Markowitz & Fanucci
2   630 San Ramon Valley Blvd., Suite 100
    Danville, CA 94526
3   Telephone: (925) 837-0585
    Facsimile: (925) 838-5985
4
    Attorneys for Plaintiff
5   NUANCE ENERGY GROUP, INC.,
    a Delaware corporation
6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                     COUNTY OF CONTRA COSTA

10                        UNLIMITED CIVIL

11

12  NUANCE ENERGY GROUP, INC., a        No.: MSC18-~~0217~~  02107
    Delaware corporation,
13                                       SECOND AMENDED
            Plaintiff,                    COMPLAINT FOR:
14                                        (1) BREACH OF CONTRACT;
        vs.                               (2) FRAUD; and
15                                        (3) CONVERSION
16  KODIAK MOON CORPORATION, a
    California corporation; EDMUND KERRY  DEMAND FOR JURY TRIAL
17  DAVIS, an individual; FOSHAY ELECTRIC
    CO., INC.; a California corporation; TERRA
18  STEWARD, LLC, a California limited
    liability company; and DOES 1 through 25,
19  inclusive,

20          Defendants.

21  _____/

22      Plaintiff, NUANCE ENERGY GROUP, INC., ("Plaintiff") complains against

23  Defendants, and each of them, as follows:

24  **PARTIES**

25      1.     Plaintiff is, and at all times relevant to this action was, a corporation duly

26  organized and existing under the laws of the State of Delaware, with its principal place of

27  business in Contra Costa County, California, and engaged in the business of delivering

28  turnkey solar design, engineering, and construction services for select markets.

Law Offices of
GAGEN, McCOY,
McMAHON, KOSS,
MARKOWITZ &
FANUCCI
A Professional
Corporation
630 San Ramon
Valley Blvd.
Suite 100
Danville, California
94526-4088
(925) 837-0585

- 1 -
SECOND AMENDED COMPLAINT
F:\CLARM\55505\Pleadings\Second Amended Complaint.docx

1  AILEEN RODRIGUEZ MAZANETZ (CSB#219949)
Gagen, McCoy, McMahon, Koss, Markowitz & Fanucci
2  630 San Ramon Valley Blvd., Suite 100
Danville, CA 94526
3  Telephone: (925) 837-0585
Facsimile: (925) 838-5985
4
Attorneys for Plaintiff
5  NUANCE ENERGY GROUP, INC.,
a Delaware corporation
6

7

8           SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                   COUNTY OF CONTRA COSTA

10                      UNLIMITED CIVIL

11

12  NUANCE ENERGY GROUP, INC., a          No.: MSC18-0217
Delaware corporation,
13                                        **SECOND AMENDED**
Plaintiff,                     **COMPLAINT FOR:**
14                                        **(1) BREACH OF CONTRACT;**
vs.                               **(2) FRAUD; and**
15                                        **(3) CONVERSION**
KODIAK MOON CORPORATION, a
16  California corporation; EDMUND KERRY   **DEMAND FOR JURY TRIAL**
DAVIS, an individual; FOSHAY ELECTRIC
17  CO., INC.; a California corporation; TERRA
STEWARD, LLC, a California limited
18  liability company; and DOES 1 through 25,
inclusive,
19
Defendants.
20
_____/
21

22      Plaintiff, NUANCE ENERGY GROUP, INC., ("Plaintiff") complains against

23  Defendants, and each of them, as follows:

24      **PARTIES**

25      1.    Plaintiff is, and at all times relevant to this action was, a corporation duly

26  organized and existing under the laws of the State of Delaware, with its principal place of

27  business in Contra Costa County, California, and engaged in the business of delivering

28  turnkey solar design, engineering, and construction services for select markets.

Law Offices of
GAGEN, McCOY,
McMAHON, KOSS,
MARKOWITZ &
FANUCCI
A Professional
Corporation
630 San Ramon
Valley Blvd.
Suite 100
Danville, California
94526-4088
(925) 837-0585

1    2.    Plaintiff is informed and believes and thereon alleges that, Defendant,

2    Kodiak Moon Corporation (hereinafter "Kodiak Moon") is, and all times relevant to this

3    action was, a California corporation duly organized and existing under the laws of the State

4    of California with its principal place of business in San Diego County, California.

5    3.    Plaintiff is informed and believes and thereon alleges that Defendant,

6    Edmund Kerry Davis ("Davis") is, and all times relevant to this action was, an individual

7    and resident of San Diego County, California, and a shareholder, owner, officer, director,

8    manager, employee, agent or representative of the entity Defendants, Kodiak Moon, Terra

9    Steward, LLC, and Foshay Electric Co., Inc., and each of them.

10    4.    Plaintiff is informed and believes and thereon alleges that Defendant, Foshay

11    Electric Co., Inc. (hereinafter "Foshay Electric") is, and all times relevant to this action

12    was, a California corporation duly organized and existing under the laws of the State of

13    California with its principal place of business in San Diego County, California.

14    5.    Plaintiff is informed and believes and thereon alleges that Defendant, Terra

15    Steward, LLC (hereinafter "Terra Steward") is, and all times relevant to this action was, a

16    California limited liability company, duly organized and existing under the laws of the

17    State of California with its principal place of business in San Diego County, California.

18    6.    As discussed further herein, differentiating between Defendants is actually

19    quite difficult given their intertwined relationships. For example, Plaintiff alleges that

20    Defendants Davis, Terra Steward are Foshay Electric are liable for the acts of Kodiak Moon

21    alleged in this First Amended Complaint, including agents and co-conspirators, as the alter

22    egos of Kodiak Moon. Recognition of the privilege of separate existence would promote

23    injustice because Defendants Davis, Terra Steward and Foshay Electric organized and

24    controlled Kodiak Moon and/or comingled their business activities and financial affairs so

25    that it is now, and at all times mentioned in herein was, merely an instrumentality, agency,

26    conduit, or adjunct of Defendants Davis, Terra Steward, Foshay Electric; and Defendants

27    Davis, Terra Steward and Foshay Electric, in bad faith, dominated and controlled Kodiak

28    Moon, including as follows:

Law Offices of
GAGEN, McCOY,
McMAHON, KOSS,
MARKOWITZ &
FANUCCI
A Professional
Corporation
630 San Ramon
Valley Blvd.
Suite 100
Danville, California
94526-4088
(925) 837-0585

- 2 -

SECOND AMENDED COMPLAINT

F:\CLARM\55505\Pleadings\Second Amended Complaint.docx

- • Defendants Davis, Terra Steward and Foshay Electric dominated the affairs of Kodiak Moon. For example, during the parties' negotiations leading to the execution of the subject contract, Defendant Davis represented to Plaintiff that he was the representative of Kodiak Moon, Terra Steward and Foshay Electric and that said entities operated in concert and coordination with each other and thus, blurring any supposed lines between them.

- • A unity of interest and ownership existed between Defendants Davis, Terra Steward, Foshay Electric and Kodiak Moon, including, but not limited to the common officers, directors or managers; common offices; common employees; and common business functions. Again, for example, during the negotiations leading to the execution of the subject contract, Defendant Davis represented to Plaintiff that he was the representative of Kodiak Moon, Terra Steward and Foshay Electric. Further, Davis's business card clearly stated that he was a representative of all said Defendants: Kodiak Moon, Terra Steward and Foshay Electric, and the websites for these Defendants clearly and intentionally identify a common interest and/or partnership between them.

- • Kodiak Moon was a mere shell and naked framework for individual manipulations by Defendants Davis, Terra Steward and Foshay Electric.

- • Kodiak Moon's income, including the funds paid by Plaintiff herein, were diverted to the use of Defendants Davis, Terra Steward and Foshay Electric.

- • Kodiak Moon was inadequately capitalized and was or had been insolvent.

- • Kodiak Moon failed to abide by the formalities of corporate existence.

- • Adherence to the fiction of separate corporate existences would, under the circumstances, promote injustice.

7.    Similarly, and in the alternative, Defendants Terra Steward and Foshay Electric are liable for the acts of Kodiak Moon alleged in this First Amended Complaint under the "single-enterprise doctrine" in that, as herein alleged, (1) there is such a unity of

Law Offices of
GAGEN, McCOY,
McMAHON, KOSS,
MARKOWITZ &
FANUCCI
A Professional
Corporation
630 San Ramon
Valley Blvd.
Suite 100
Danville, California
94526-4088
(925) 837-0585

SECOND AMENDED COMPLAINT

1  interest and ownership that the purported separate personalities of these Defendant
2  corporations/entities no longer exist, or are merged, so that one company/entity is a mere
3  adjunct of the others and the companies/entities form a single enterprise; and (2)
4  inequitable results will follow if the corporate separateness is respected, and the acts
5  alleged herein are somehow treated as those of Kodiak Moon alone.

6      8.      Plaintiff is unaware of the true names, capacities, or basis for liability of
7  Defendants DOES 1-25, inclusive, and therefore sues said Defendants by their fictitious
8  names. Plaintiff will amend this Complaint to allege the true names, capacities, or basis of
9  liability when the same has been ascertained. Plaintiff is informed and believes and thereon
10 alleges that Defendants DOES 1-25, inclusive, and each of them, are in some manner liable
11 to Plaintiff.

12     9.      At all times relevant to this action, each Defendant, including those
13 fictitiously named, was the agent, servant, employee, partner, joint venture or surety of the
14 other Defendants and was acting within the scope and said agency, employment,
15 partnership, venture, or suretyship, with the knowledge and consent or ratification of each
16 of the other Defendants in doing the things alleged herein.

17 **JURISDICTION AND VENUE**

18     10.     Jurisdiction is proper in this Court because all of the counts asserted herein,
19 and the amount in controversy exceeds the jurisdictional minimum of this Court.

20     11.     Defendants, and each of them, are subject to the jurisdiction of this Court by
21 virtue of their dealings and transactions in Contra Costa County sufficient to render the
22 exercise of jurisdiction by this Court permissible under the traditional notions of fair play
23 and substantial justice.

24     12.     Venue is proper in this Court because the contract at issue was entered into
25 and accepted in Contra Costa County. Code Civ. Proc. § 395(a); *Turner v. Simpson*, 91
26 Cal.App.2d 590, 591 (1949).

27
28

Law Offices of
GAGEN, McCOY,
McMAHON, KOSS,
MARKOWITZ &
FANUCCI
A Professional
Corporation
630 San Ramon
Valley Blvd.
Suite 100
Danville, California
94526-4088
(925) 837-0585

- 4 -

SECOND AMENDED COMPLAINT

**FACTUAL ALLEGATIONS**

13.    On or about October 6, 2017, Plaintiff received a written Purchase Order (No. 777) purporting to be from Kodiak Moon (the "Agreement"), agreeing to purchase certain commercial solar modules to be supplied by Kodiak Moon, the material terms of which are as follows: (a) 2,664 units of commercial SPR-E19-320w Sunpower Modules; (b) $192.00 per unit; and (c) total price of $511,488.00, a true and correct copy of which is attached hereto as **Exhibit "A."**

14.    At all times relevant herein and for multiple months preceding the actual Agreement, Davis held himself to Plaintiff as an officer of Defendants, Terra Steward and Foshay Electric, in the business of selling or brokering the sale of commercial renewable energy products for businesses and organizations like Plaintiff's business, even providing Plaintiff with a business card illustrating the same.

15.    At all times relevant herein, when it came time to negotiate the material terms of the Agreement, Davis held himself out to Plaintiff as an officer of Defendants, Kodiak Moon, Foshay Electric and Terra Steward. In this instance, Defendants represented that they would act as a broker, purchasing the solar modules from a third party, Recom Solar, LLC, and re-selling them to Plaintiff.

16.    On or about October 6, 2017, after Plaintiff had articulated its specific business needs to Davis, Davis specifically represented to Plaintiff that Kodiak Moon and/or the other entity Defendants was/were fully capable of delivering the SPR-E19-320w Sunpower Modules Plaintiff required. At the time Davis made this representation to Plaintiff, he knew that he and his companies would not deliver this product and/or that the product would not be available to Plaintiff at any time.

17.    Soon thereafter, Plaintiff paid Kodiak Moon $181,094.40, as the requested initial deposit toward the total purchase price of the subject Sunpower Modules, which all Defendants readily accepted.

Law Offices of
GAGEN, McCOY,
McMAHON, KOSS,
MARKOWITZ &
FANUCCI
A Professional
Corporation
630 San Ramon
Valley Blvd.
Suite 100
Danville, California
94526-4088
(925) 837-0585

SECOND AMENDED COMPLAINT
F:\CLARM\55505\Pleadings\Second Amended Complaint.docx

18.    Later in 2017, Plaintiff paid an additional $250,000.00 toward the purchase price of the subject Sunpower Modules, which Defendants again readily accepted, for a total amount of $431,094.40 paid to Defendants by Plaintiff.

19.    After receiving Plaintiff's payment of $431,094.40, in true "bait and switch" fashion, Davis informed Plaintiff that he and his companies could not deliver commercial SPR-E19-320w Sunpower Modules but could instead deliver SPR-320E-WHT-D modules, a wholly inferior and incompatible product compared to what the Agreement required and what Plaintiff had bargained (and paid) for.

20.    Unlike SPR-E19-320w Sunpower Modules, SPR-320E-WHT-D modules ("residential modules") were limited to residential applications, not the commercial applications specifically required by Plaintiff per its Agreement with Defendants. Further, these residential modules are incompatible with California commercial solar applications being interconnected with major utilities, have only a 600-volt rating versus a 1000-volt application (as Plaintiff required), and not surprisingly, these are not covered under any manufacturer's warranty for commercial applications.

21.    To date, and despite Plaintiff's repeated written and oral requests to Defendants, Defendants refused to deliver the contractually required solar modules, or to return any monies to Plaintiff.

22.    In fact, Plaintiff was recently told that all the monies it paid are gone, and Defendants have refused to give Plaintiff any information regarding said funds.

23.    Following Defendants' express refusals to comply with the Agreement's terms, Plaintiff discovered that Defendants, through their agent, Davis failed to deliver most of the funds paid to them by Plaintiff to Recom Solar, LLC and instead diverted said monies for Defendants' own, combined, comingled use, never returning one cent to Plaintiff, nor providing Plaintiff with even one of the contracted-for commercial or any other SPR-E19-320w Sunpower Modules.

24.    All conditions precedent to the commencement of this action have occurred, have been performed, or have been waived.

Law Offices of
GAGEN, McCOY,
McMAHON, KOSS,
MARKOWITZ &
FANUCCI
A Professional
Corporation
630 San Ramon
Valley Blvd.
Suite 100
Danville, California
94526-4088
(925) 837-0585

- 6 -

SECOND AMENDED COMPLAINT

25.    As noted, recognition of any privilege of separate existence would promote injustice because Defendants Davis, Terra Steward and Foshay Electric organized and controlled Kodiak Moon and/or comingled their business activities and financial affairs so that it is now, and at all times mentioned in this First Amended Complaint was, merely an instrumentality, agency, conduit, or adjunct of Defendants Davis, Terra Steward, Foshay Electric; and Defendants Davis, Terra Steward and Foshay Electric, in bad faith, dominated and controlled Kodiak Moon, such that liability must apply with equal force against all Defendants.

## FIRST CAUSE OF ACTION

## BREACH OF WRITTEN CONTRACT

**(Against all Defendants and Does 1 through 25, inclusive, and each of them)**

26.    Plaintiff re-affirms and re-alleges paragraphs 1-25, as though fully set forth herein.

27.    On or about October 6, 2017, Plaintiff entered into a written Agreement with Defendants to purchase 2,664 units of commercial E19-320W Sunpower Modules for a price of $511,488.00.

28.    Defendants contracted with Plaintiff with the intent to avoid performance and to procure money from Plaintiff, knowing that any funds paid by Plaintiff would be diverted.

29.    Defendants, and each of them, breached the Agreement by refusing to supply the agreed-upon units or return any portion of the $431,094.40 paid by Plaintiff.

30.    Plaintiff has performed all the terms and conditions required of it by the terms of the Agreement.

31.    Beginning on or about November 2017, Plaintiff demanded that Defendants perform their promises under the Agreement. Defendants refused and continue to refuse to perform under the Agreement or return any money to Plaintiff.

Law Offices of
GAGEN, McCOY,
McMAHON, KOSS,
MARKOWITZ &
FANUCCI
A Professional
Corporation
630 San Ramon
Valley Blvd.
Suite 100
Danville, California
94526-4088
(925) 837-0585

-7-

32.    As a direct and proximate result of Defendants' breach of the Agreement, Plaintiff has suffered general and special damages, including but not limited to, the sum of $431,094.40.

WHEREFORE, Plaintiff prays for judgment against Defendants as set forth herein.

## SECOND CAUSE OF ACTION

### FRAUD

**(Against all Defendants and Does 1 through 25, Inclusive, and each of them)**

33.    Plaintiff re-affirms and re-alleges paragraphs 1-32, as though fully set forth herein.

34.    On or about July 2017, Brian Boguess, Chief Executive Officer and Founder of Plaintiff, had a lunch meeting with Davis and Chris D'Avignon, in Dana Point, California. It was at that meeting that Davis introduced himself to Boguess as Vice President of Sales for Terra Steward and Foshay Electric, while D'Avignon introduced himself to Boguess as the Chief Executive Officer of Terra Steward.

35.    In addition to being given the business cards by both Davis and D'Avignon, these two men described their plans to Boguess for solar mount racking, carport and energy storage product development, market growth and electrical fulfillment services through Terra Steward and Foshay Electric. In fact, at the meeting, Davis boasted that Foshay Electric was a 99-year old electrical contractor with a vast network of contractors around the country with the ability to act as an EPC contractor anywhere, or a contractor that performs primarily engineering, procurement and construction work.

36.    Shortly after the lunch meeting, Davis contacted Boguess to advise him that D'Avignon was not well and that Davis would soon be promoted to President of both Terra Steward and Foshay Electric.

37.    On or about September 10, 2017, while in Las Vegas, Nevada, attending the Solar Power Intentional Conference, Davis again met with Boguess as well as James Ryan, Plaintiff's then-Chief Operating Officer, and advised them that he had been promoted to

Law Offices of
GAGEN, McCOY,
McMAHON, KOSS,
MARKOWITZ &
FANUCCI
A Professional
Corporation
630 San Ramon
Valley Blvd.
Suite 100
Danville, California
94526-4088
(925) 837-0585

-8-

1  President of both Terra Steward and Foshay Electric. At this meeting, Davis, Boguess and

2  Ryan discussed Terra Steward financing one of Plaintiff's projects. Additionally, Davis

3  represented to Boguess and Ryan that he could give Plaintiff a good deal on the solar panels

4  Plaintiff required to fit its specific needs.

5      38.    On or about September 20, 2017, and based on Davis's representations to

6  Boguess at their prior meetings as to Terra Steward's and Foshay Electric's vast

7  connections and products and highly competitive pricing, Boguess contacted Davis by

8  telephone looking to purchase those specific commercial SPR-E19-320w Sunpower

9  Modules Plaintiff required for its project. It during that phone call that Davis, still

10  representing himself as Terra Steward's and Foshay Electric's officer, for the first time

11  mentioned the name "Kodiak Moon" to Boguess, and represented to Boguess that Kodiak

12  Moon worked with a third-party distributor, Recom Solar, LLC, which third-party

13  distributor was fully capable of and would deliver to Plaintiff the commercial SPR-E19-

14  320w Sunpower Modules Plaintiff required.

15      39.    Davis made the foregoing representations to Boguess and Ryan on behalf of

16  all Defendants not only an effort to induce Plaintiff to enter into an Agreement, but also to

17  ensure that Plaintiff pay Defendants money for a product which Plaintiff would never

18  receive and money which Plaintiff would never see again. Davis knew that the

19  representations were false when he made them in that Davis knew that neither Terra

20  Steward, Foshay Electric nor Kodiak Moon, much less any third-party distributor affiliated

21  with Kodiak Moon, would deliver and/or had any intention of delivering the specific

22  commercial SPR-E19-320w Sunpower Modules Defendants knew Plaintiff required.

23      40.    Moreover, Davis also knew that Plaintiff was certain to pay the requested

24  funds to Defendants and Defendants were certain to receive these funds from Plaintiff

25  based on (a) Davis's representations over a period of several months wherein he touted

26  Defendants' significant abilities, qualifications and connections which he knew impressed

27  both Boguess and Ryan; and (b) Davis's highly-believable representations and guarantees

28

Law Offices of
GAGEN, McCOY,
McMAHON, KOSS,
MARKOWITZ &
FANUCCI
A Professional
Corporation
630 San Ramon
Valley Blvd.
Suite 100
Danville, California
94526-4088
(925) 837-0585

1  that Plaintiff would necessarily receive the commercial SPR-E19-320w Sunpower

2  Modules that Davis knew Plaintiff required.

3      41.    Davis knew that his representations regarding the product's availability was

4  false when he made them.

5      42.    At all times, including during the parties' negotiation and execution of the

6  subject contract, and without disclosing the same to Plaintiff, Davis had a well-planned

7  scheme in mind: Davis intended that Plaintiff pay a significant sum of money to Defendants

8  for the ostensible purchase of commercial SPR-E19-320w Sunpower Modules which

9  Plaintiff would never receive, and only after Defendants had received Plaintiff's money

10  Davis then would notify Plaintiff that these commercial Sunpower Modules were suddenly

11  and unexpectedly unavailable, but could be necessarily replaced with a wholly inferior,

12  incompatible yet available product which Davis knew Plaintiff could never use.

13      43.    Defendants intended for Plaintiff to rely on Davis's representations regarding

14  Defendants' abilities and the product's availability in order to induce Plaintiff to enter into

15  a written Agreement and pay a significant sum of money toward the purchase of a product

16  that would never be available and/or that Defendants never intended to sell.

17      44.    Plaintiff reasonably and justifiably relied on Defendants' representations

18  regarding Defendants' abilities and the product's availability when it entered into a written

19  Agreement with Defendants; when it agreed to pay $511,488.00 for 2,664 E19-320W

20  Sunpower Modules; and when it paid Defendants $431,094.40 for the product -- a product

21  which would never be available and/or which Defendants never intended to sell to Plaintiff.

22      45.    As a proximate result of Defendants' fraudulent representations, and

23  Plaintiff's reasonable reliance on it, Plaintiff sustained general damages, including

24  $431,094.40 paid towards the product's purchase price.

25      46.    As a proximate result of Defendants' fraudulent representations, and

26  Plaintiff's reasonable reliance on it, Plaintiff sustained special damages to be proven at

27  trial.

28

Law Offices of
GAGEN, McCOY,
McMAHON, KOSS,
MARKOWITZ &
FANUCCI
A Professional
Corporation
630 San Ramon
Valley Blvd.
Suite 100
Danville, California
94526-4088
(925) 837-0585

- 10 -

SECOND AMENDED COMPLAINT

47.    Defendants' false and fraudulent representations constituted the tort of fraudulent deceit as defined in Civ. Cod. §§ 1709 and 1710.

48.    Plaintiff did not discover or become aware that Defendants' representations was false, fraudulent and clear "bait and switch" until *after* it had paid $431,094.40 to Defendants and after Defendants refused to return any portion of these monies. In other words, Plaintiff was never provided with the product it had paid for, nor has any of the monies it paid to Defendants ever been returned. In fact, Plaintiff has since been told that the "money is gone."

49.    Defendants acted oppressively, maliciously, with a conscious disregard of the rights of others, and with the intent to defraud, harass, and annoy Plaintiff. Specifically, Defendants engaged in a deceptive "bait and switch" method of selling by which Plaintiff, a customer, purchased and paid for a specific product only to be later told that the product was not available, but ironically, that a wholly inferior and incompatible product was available. Moreover, Plaintiff has since discovered that all the monies it paid are gone; that Defendants have refused to give Plaintiff any information regarding the whereabouts of said funds; and that Defendants diverted Plaintiff's monies for their own use, never returning one cent of it to Plaintiff, much less providing Plaintiff with the contracted-for commercial SPR-E19-320w Sunpower Modules. As a consequence, Plaintiff is entitled to punitive damages according to proof.

WHEREFORE, Plaintiff prays for judgment against Defendants as set forth herein.

### THIRD CAUSE OF ACTION

### CONVERSION

**(Against all Defendants and Does 1 through 25, Inclusive, and each of them)**

50.    Plaintiff re-affirms and re-alleges paragraphs 1-49, as though fully set forth herein.

51.    Plaintiff has a right to ownership of the $431,094.40 it paid to Defendants under the Agreement.

Law Offices of
GAGEN, McCOY,
McMAHON, KOSS,
MARKOWITZ &
FANUCCI
A Professional
Corporation
630 San Ramon
Valley Blvd.
Suite 100
Danville, California
94526-4088
(925) 837-0585

- 11 -

52.     On or about November 2017, Plaintiff demanded that Defendants return the $431,094.40 it paid. Defendants refused to comply with Plaintiff's demand for the return of the property to Plaintiff.

53.     In fact, Defendants intentionally diverted the monies paid by Plaintiff for their own use, never returning one cent of it to Plaintiff with even one of the contracted-for commercial SPR-E19-320w Sunpower Modules

54.     Plaintiff has not consented to Defendants' wrongful exercise of dominion over Plaintiff's property.

55.     Plaintiff has been harmed by Defendants' conduct as alleged herein.

56.     Defendants' refusal to return Plaintiff's $431,094.40 was and is a substantial factor in causing Plaintiff harm.

57.     The taking and conversion of Plaintiff's property by Defendants was done willfully and maliciously, with a reckless disregard for Plaintiff's rights. After demand was made on Defendants for return of the property, Defendants willfully and maliciously refused to return it to Plaintiff. For such willful and malicious acts on the part of Defendants, Plaintiff seeks punitive damages in addition to its actual damages.

WHEREFORE, Plaintiff prays for judgment against Defendants as set forth herein.

As to the First Cause of Action:

1.     For monetary and compensatory damages, including but not limited to, the sum of $431,094.40, together with interest at the legal rate from time such amount became due.

2.     For special damages in an amount in excess of the jurisdictional minimum of this Court to be proven at trial;

As to the Second Cause of Action:

3.     For monetary and compensatory damages, including but not limited to, the sum of $431,094.40, together with interest at the legal rate from time such amount became due;

Law Offices of
GAGEN, McCOY,
McMAHON, KOSS,
MARKOWITZ &
FANUCCI
A Professional
Corporation
630 San Ramon
Valley Blvd.
Suite 100
Danville, California
94526-4088
(925) 837-0585

4.     For special damages in an amount in excess of the jurisdictional minimum of this Court to be proven at trial; and

5.     For punitive damages according to proof.

As to the Third Cause of Action:

6.     For the damages for the value of the property at the time of the conversion in the amount of $431,094.40, together with interest at the legal rate from time such amount became due;

7.     For damages for the time and money properly expended in pursuit of the converted property according to proof and

8.     For punitive damages according to proof;

As to All Causes of Action:

9.     For Plaintiff's cost of suit incurred herein; and

10.    For such other and further relief as the Court deems just and proper.

Dated: July 29, 2019

Gagen, McCoy, McMahon, Koss, Markowitz & Fanucci
A Professional Corporation

By: _____

Aileen Rodriguez Mazanetz
Attorneys for Plaintiff
NUANCE ENERGY GROUP, INC.,
a Delaware corporation

Law Offices of
GAGEN, McCOY,
McMAHON, KOSS,
MARKOWITZ &
FANUCCI
A Professional
Corporation
630 San Ramon
Valley Blvd.
Suite 100
Danville, California
94526-4088
(925) 837-0585

SECOND AMENDED COMPLAINT

F:\CLARM\55505\Pleadings\Second Amended Complaint.docx

**EXHIBIT A**



# Purchase Order

**# PO-00777**

**Nuance Energy**
6 Crow Canyon Court
San Ramon California 94583
9252604605
www.NuanceEnergy.com

Vendor Address
Kodiak Moon
1585 Laurel Bay Lane
San Diego, CA 92154
EKD@kodiakmoon.com

| | |
|---|---|
| Shipment preference : | DDP |
| Date : | 10-05-2017 |
| Delivery Date : | 11-15-2017 |
| Ref# : | E-19 SPR Modules |

Deliver To
**DDP- Customer Sites TBD**
**Central Valley CA**
**831-332-0466**

| Item & Description | Qty | Rate | Amount |
|---|---|---|---|
| Solar PV Module- E19 320W<br>E19 320W Sunpower Modules | 2,664 | 192.00 | 511,488.00 |
| | | Sub Total | 511,488.00 |
| | | **Total** | **$511,488.00** |

## Terms & Conditions

**30% deposit**
**Balance due within 45 days, prior to delivery**
**Please Confirm Purchase Order upon receipt**
**Please call to schedule delivery- Delivery Address TBD**

## PROOF OF SERVICE
### [Code Civ. Proc. §§ 1011, 1013; 1013a, 2015.5]

I, the undersigned, declare that I am a citizen of the United States, a resident of the State of California, and am employed in the County of Contra Costa, State of California. I am over eighteen (18) years of age and not a party to the above-entitled action. My business address is 630 San Ramon Valley Blvd., Suite 100, Danville, California. On July 29, 2019, I served the following documents:

## SECOND AMENDED COMPLAINT FOR: (1) BREACH OF CONTRACT; (2) FRAUD; and (3) CONVERSION

☐ **U.S. Mail:** I enclosed the documents in a sealed envelope or package addressed to the persons listed below and placed the envelope for collection and mailing following our ordinary business practices. On that same day, the envelope is deposited in the ordinary course of business with the U.S. Postal Service, at Danville, California, in the sealed envelope with postage fully prepaid.

☐ **Personal Delivery:** I caused the documents listed above to be personally delivered to the persons at the addresses noted below.

☐ **Overnight Delivery:** I enclosed the documents for service in an envelope or package provided by an overnight delivery carrier and addressed to the persons listed below. I placed the envelope or package for collection and overnight delivery at a regularly utilized drop box of the overnight delivery carrier.

☐ **Facsimile Transmission:** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed below from the machine at (925) 838-5985 on the date and time recorded on the attached copy of the fax transmission report, which I printed out. No error was reported by the fax machine that I used. Cal. Rules of Court, rule 2.306(h).

☒ **By E-mail or Electronic Transmission:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed below from Declarant's Email Address on the above date at _____ a.m./p.m. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. Cal. Rules of Court, rule 2.260(f).

See attached list.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on July 29, 2019, at Danville, California.

_____
Laura K. Barrett

Law Offices of
GAGEN, McCOY,
McMAHON, KOSS,
MARKOWITZ &
FANUCCI
A Professional
Corporation
630 San Ramon
Valley Blvd.
Suite 100
Danville, California
94526-4088
(925) 837-0585

- 14 -

SECOND AMENDED COMPLAINT

**Service List**

*Nuance Energy v. Kodiak Moon, et al.*

Contra Costa County Superior Court Case No. C18-02107

| | |
|---|---|
| Charles L. Pernicka, Esq.<br>Mick C. Flesuras, Esq.<br>The Opus Law Firm<br>662 Encinitas Blvd., Suite 248<br>Encinitas, CA  92024<br>Phone:  (877) 775-4564<br>Fax: (877) 775-4564<br>charles@opus.attorney | Michael L. Branch, Esq.<br>Schneider & Branch<br>655 West Broadway, Suite 1400<br>San Diego, CA  92101<br>Phone:  (619) 233-5500<br>Fax:  (619) 233-5535<br>mlb@schneiderbranchlaw.com |
| Kodiak Moon Corporation<br>c/o Edmund Kerry Davis, CEO<br>10902 Evening Creek Dr. E, No. 1<br>San Diego, CA  92128<br>(Courtesy copy by U.S. mail) | |

Law Offices of
GAGEN, McCOY,
McMAHON, KOSS,
MARKOWITZ &
FANUCCI
A Professional
Corporation
630 San Ramon
Valley Blvd.
Suite 100
Danville, California
94526-4088
(925) 837-0585

SECOND AMENDED COMPLAINT

F:\CLARM\55505\Pleadings\Second Amended Complaint.docx

EXHIBIT 2

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Michael Jay Berger (SBN 100291)<br>Law Offices of Michael Jay Berger<br>9454 Wilshire Blvd., 6th Floor<br>Beverly Hills, CA 90212<br>T. (310) 271-6223<br>F. (310) 271-9805<br>E. michael.berger@bankruptcypower.com<br><br>☐ *Individual appearing without an attorney*<br>☒ *Attorney for:* Debtor Nuance Energy Group, Inc. | |

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>        NUANCE ENERGY GROUP, INC.<br><br>                                            Debtor(s). | CASE NO.: 2:20-bk-17761-VZ<br><br>CHAPTER: 11<br><br>ADVERSARY NO.: |
| NUANCE ENERGY GROUP, INC.<br><br>                                            Plaintiff(s),<br><br>        vs.<br><br>KODIAK MOON CORPORATION, a California corporation; EDMUND KERRY DAVIS, an individual; FOSHAY ELECTRIC CO, INC., et al.<br><br>                                            Defendant. | **NOTICE OF STATUS CONFERENCE RE REMOVAL OF ACTION**<br><br>**[LBR 9027-1]** |

TO: ALL PARTIES IN REMOVED ACTION, ANY TRUSTEE APPOINTED IN THE BANKRUPTCY CASE, AND THE U.S. TRUSTEE:  A Notice of Removal of Action (Removal Notice) was filed under 28 U.S.C. §1452(a), FRBP 9027 and LBR 9027-1(a).  A copy of the Removal Notice accompanies this Notice of Status Conference (Status Conference Notice).

| |
|---|
| Removing Party: Nuance Energy Group, Inc. |
| Date of Filing of Removal Notice: November 16, 2020 |
| Court/division from which action is removed: Superior Court of California, County of Contra Costa |
| Case No. of Removed Action: MSC18-02107 |

1)  **Status Conference** – A status conference on the Removal Notice has been set for:

| | |
|---|---|
| Hearing date:<br><br>Time:<br><br>Courtroom: | Address:<br>☒  255 East Temple Street, Los Angeles, CA 90012<br>☐  3420 Twelfth Street, Riverside, CA 92501<br>☐  411 West Fourth Street, Santa Ana, CA 92701<br>☐  1415 State Street, Santa Barbara, CA 93101<br>☐  21041 Burbank Boulevard, Woodland Hills, CA 91367 |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California

2) **Service of Status Conference Notice** – Pursuant to LBR 9027-1(b)(3), no later than 14 days after the Status Conference Notice is issued and filed, the party who filed the Removal Notice must serve the Status Conference Notice on all parties to the removed action, any trustee appointed in the bankruptcy case, the United States trustee, and a judge's copy as provided in the Court Manual.

3) **Preserving Right to Jury Trial** – Pursuant to LBR 9027-1(e), no later than 14 days after service of the Removal Notice (plus an additional 3 days if you were served by mail, electronically or pursuant to F.R. Civ. P. 5(b)(2(D),(E) or (F)), a party to the removed action must comply with LBR 9015-2 to preserve any right to trial by jury.

4) **FRBP 9027(e)(3) Statement** – Pursuant to FRBP 9027(e)(3), no later than 14 days after the filing of the Removal Notice (plus an additional 3 days if you were served by mail, electronically or pursuant to F.R. Civ. P. 5(b)(2(D),(E) or (F)),, a party to the removed action (other than the party who filed the Removal Notice) must file with the clerk the statement required under FRBP 9027(e)(3) and serve the statement upon all other parties to the removed action.

5) **Litigation Documents** – Pursuant to FRBP 9027(a)(1) and 9027(e)(2), and LBR 9027-1(d), subject to LBR 9027-1(d)(2)(B), no later than 30 days after the filing of the Removal Notice, the party who filed the Removal Notice must file with the clerk, all of the following items pertaining to the action being removed:

   (a) A copy of the docket from the court where the removed litigation was pending; and

   (b) A copy of every document reflected on the docket, whether the document was filed by a party or entered by the court. These copies must be provided in chronological order according to the date the document was filed.

6) **Joint Status Report** - Pursuant to LBR 7016-1(a)(2), no later than **14 days prior to the Status Conference**, all parties to this adversary proceeding must participate in filing a joint status report (JSR) and deliver a judge's copy as required in the Court Manual.  The JSR must be prepared according to the instructions set forth on the court's website at www.cacb.uscourts.gov.


                                        KATHLEEN J. CAMPBELL, CLERK OF COURT


        Date:                    By: _____
                                            Deputy Clerk


---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California

*December 2014*                    Page 2                    **F 9027-1.NOTICE.STATCONF.REMOVAL**

| In re: | CHAPTER: **11** |
|---|---|
| **Nuance Energy Group, Inc.** Debtor(s). | CASE NUMBER: **2:20-bk-17761-VZ** |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**9454 Wilshire Boulevard, 6th floor**
**Beverly Hills, CA 90212**

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES BANKRUPTCY COURT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **11/19/2020**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
**Debtor's Counsel: Michael Jay Berger    michael.berger@bankruptcypower.com,**
**yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com**
**Subchapter V Trustee: Gregory Kent Jones (TR)    gjones@sycr.com, smjohnson@sycr.com;C191@ecfcbis.com**
**U.S. Trustee's Attorney: Kelly L Morrison    kelly.l.morrison@usdoj.gov**
**Interested Party: Randall P Mroczynski    randym@cookseylaw.com**
**Interested Party: Thomas J Polis    tom@polis-law.com, paralegal@polis-law.com;r59042@notify.bestcase.com**
**United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov**
☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On  **11/19/2020**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.
**Debtor:**
**Nuance Energy Group, Inc.**
**1223 Wilshire Blvd., Suite 357**
**Santa Monica, CA 90403**

☑ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **11/19/2020**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.
**Honorable Vincent P. Zurzolo**
**United States Bankruptcy Court**
**Central District of California**
**255 E. Temple Street, Suite 1360**
**Los Angeles, CA 90012 - UPS ground overnight**

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 11/19/2020 | Peter Garza | /s/ Peter Garza |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**9013-3.1.PROOF.SERVICE**

| In re: **Nuance Energy Group, Inc.** | CHAPTER **11** |
|---|---|
| Debtor(s). | CASE NUMBER **2:20-bk-17761-VZ** |

2. <u>SERVED BY UNITED STATES MAIL</u>:

<u>**Counsel for Defendant Fosheay Electric Co., Inc.**</u>
Michael L. Branch, Esq.
Schneider & Branch
655 West Broadway, Suite 1400
San Diego, CA 9210 I

<u>**Counsels for Kodiak Moon Crop., Edmund Kerry Davis, and Terra Steward, LLC**</u>
Charles Pernick, Esq.
Mike C. Flesuras, Esq.
Opus Las Firm
622 Encinitas, Suite 248
Encinitas, CA  92024

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*

**F 9013-3.1**